IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00012-FDW-DSC

| RAYMOND MATHIES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| ANDREW M. SAUL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #14) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on January 13, 2020. He assigns error to the Administrative Law Judge's formulation of his Residual Functional Capacity,[1] and specifically to the ALJ's failure to give greater weight to the opinions of his primary care physician Dr. James Caserio. See Plaintiff's "Memorandum ..." at 4-8 (document #14-1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[2] as that term of art is defined for Social Security purposes.

Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning.  See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).  This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. An ALJ may satisfy the "function-by-function"  requirement by referencing a properly conducted analysis by State agency medical consultants.  See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept.  16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of  the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.)  (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July  26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)).   The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

Plaintiff assigns error to the ALJ's decision to give limited weight to Dr. Caserio's opinions.

When evaluating medical opinions, the ALJ considers several factors such as (1) the examining relationship; (2) the treating relationship, including (a) the length of the relationship and the frequency of examination as well as (b) the nature and extent of the relationship; (3) supportability; (4) consistency; (5) specialization; and (6) any other relevant factors. 20 C.F.R. § 416.927(c) (1)-(6). The ALJ is not required to list each of the regulatory factors for evaluating an opinion in the decision. Davis v. Astrue, No. 7:10-CV-00231-D, 2012 WL 555782, at *8 (E.D.N.C. Jan. 5, 2012), report and recommendation adopted, No. 7:10-CV-231-D, 2012 WL 555304 (E.D.N.C. Feb. 17, 2012) (citing Vereen v. Astrue, No. 5:10–cv–569–FL, 2011 WL 6780788, at *3 (E.D.N.C. Dec. 27, 2011)). An ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,'. . . or has failed to give a sufficient reason for the weight afforded a particular opinion." Dunn v. Colvin, 607 Fed. App'x 264, 267 (4th Cir. 2015) (internal citations omitted).

On August 20, 2018, Dr. Caserio completed a questionnaire indicating that Plaintiff suffered from a condition that would produce worsening pain with movement of the spine. He also stated that Plaintiff could not stand or sit for six to eight hours; would frequently need to change positions; would need to lie down; that pain would interfere with his concentration, and that he would need unscheduled breaks during the workday and miss work three days per month.

After discussing Plaintiff's subjective complaints and treatment history (Tr. 25-27), the ALJ concluded:

> Limited weight is afforded to the treating physician opinion only to the extent as consistent with the balance of the medical evidence. As such, the opinion is rendered on a form pre-worded by the claimant's attorney and involving only selective yes/no questions that are blatantly suggestive to the questionnaire's

> intended purpose and desired outcome. This compromises the integrity of the doctor's opinion and renders it less persuasive. Additionally physician is an internist, who is not even treating the claimant for pain. Further, the opinion is not supported by the physician's own medical reports where, notably, there are few if any musculoskeletal and neurological examination findings. It is also curious that this physician suggested that the claimant initiate a disability claim based on his complaints of an unsteady gait. The longitudinal treatment reports, including objective exam findings are more informative and persuasive.

(Tr. 28).

For those stated reasons, the ALJ's decision to give limited weight to Dr. Caserio's opinions is supported by substantial evidence. See 20 C.F.R. §416.927(c)(3)-(c)(4).

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's evaluation of the record and his ultimate determination that Plaintiff was not disabled.

## IV.  RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #14) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: November 9, 2020

David S. Cayer
United States Magistrate Judge