UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:20-cv-00012-FDW-DSC

| | |
|---|---|
| RAYMOND MATHIES., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 14) and Defendant's Motion for Summary Judgment (Doc. No. 15). Pursuant to 28 U.S.C. § 636 (b)(1)(B), these motions were referred to the Magistrate Judge David Cayer for issuance of a Memorandum and Recommendation ("M & R") for disposition (Doc. No. 18). The M & R respectfully recommends Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's decision be affirmed. After Plaintiff filed objections to the M & R (Doc. No. 19) and Defendant filed a response to Plaintiff's objection (Doc. No. 20), this matter is now ripe for review.

For the reasons set forth herein, the Court OVERRULES Plaintiff's Objections (Doc. No. 19), ADOPTS the M & R (Doc. No. 18), DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 14), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 15) and AFFIRMS the Commissioner's decision.

# I. BACKGROUND

Plaintiff does not lodge any specific objections to the Procedural History and Factual Background or Standard of Review. Having conducted a careful review of these portions of the M & R, the Court finds the M & R's treatment thereof is correct and supported by the record. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note) (holding when there is no objection, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). Thus, the portions of the M & R titled "Procedural History" and "Standard of Review" are ADOPTED and incorporated by reference as if fully set forth herein. (Doc. No. 18, p. 1-3). Because the procedural posture before this Court is different than that of the magistrate judge, the Court provides a short review of the applicable legal authority for reviewing an M & R.

# II. STANDARD OF REVIEW

### A. Review of the Commissioner's Determination

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**B.    Review of the Memorandum and Recommendation**

The Federal Magistrate Act states that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection was made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings

and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Objections to an M & R must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (quoting United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. See Jackson v. Astrue, No. 1:09–cv–467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). "Examining new arguments already assessed in the M & R would waste judicial resources; parties must explain why the M & R is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." Hendrix v. Colvin, No. 5:12–cv–01353, 2013 WL 2407126, at *12 (D.S.C. June 3, 2013). "General or conclusive objections result not only in the loss of de novo review by the district court, but also in the waiver of appellate review." Brock v. Colvin, No. 2:13–cv–0039–FDW–DSC, 2014 WL 5328651, at *3 (W.D.N.C. Oct. 20, 2014) (citation omitted). Absent a specific, proper, and timely filed objection, the Court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir.

2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

### III. ANALYSIS

The Magistrate Judge determined there was substantial evidence to support the ALJ's evaluation of the record and his determination that Plaintiff was not disabled. (Doc. No. 18, p. 6). Additionally, the Magistrate Judge noted the potential conflicting evidence but reiterated that it is not the Court's duty to reconcile these inconsistencies; it is the ALJ's duty. (Id.). Because the ALJ's decision was supported by substantial evidence, the Magistrate Judge recommended Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's determination be affirmed.

Plaintiff has made four individual objections to the M & R, which are all restatements of arguments made previously in his memorandum in support of his Motion for Summary Judgment (Doc. No. 14-1). Specifically, Plaintiff argues the Magistrate Judge erred because: (1) he failed to address that the ALJ improperly limited Dr. Caserio's medical opinion, Compare (Doc. No. 19, pp. 2-3) with (Doc. No. 14-1, pp. 5-6)[1]; (2) he improperly allowed the ALJ's determination to stand even though the ALJ improperly held specialty against Dr. Caserio, Compare (Doc. No. 19, p. 3) with (Doc. No. 14-1, p. 7)[2]; (3) he improperly allowed the ALJ's decision to stand even though the ALJ improperly found that Dr. Caserio's opinions were not supported by his treatment notes, Compare (Doc. No. 19, p. 3) with (Doc. No. 14-1, p. 7)[3]; and (4) he improperly allowed

---

[1] Plaintiff's objection rests upon the premise that the Magistrate Judge did not *address* the issue asserted. However, Plaintiff only reiterates his initial arguments that the ALJ cannot assume that doctors will routinely lie for their patients and that the ALJ unfairly gave weight to the non-examining consultant opinions provided in a similar check-box form format.

[2] Plaintiff argues that the ALJ improperly held specialty against Dr. Caserio because he did not hold specialty against other, non-examining consultants.

[3] Plaintiff contends that his medical record contained musculoskeletal and neurological findings, specifically of abnormal gait, to support Dr. Caserio's opinion, and the ALJ's own examiner found Plaintiff to have an abnormal gait.

the ALJ's decision to stand even though the ALJ improperly found it "curious" that Dr. Caserio suggested that Plaintiff file for disability based on his complaints of unsteady gait. Compare (Doc. No. 19, p. 4) with (Doc. No. 14-1, p. 8).[4] Plaintiff's objections ultimately amount to one general objection to the M & R on the ground that the Magistrate Judge erroneously affirmed the ALJ's decision to give Dr. Caserio's medical opinion limited weight.

The Court assumes Plaintiff was trying to properly object in order to receive de novo review—but the way he framed the objections is not sufficient for the Court to determine what errors the Magistrate Judge made and the effect such errors had on the Magistrate's recommendation. Plaintiff used the veil of "failure to address" to reiterate a disagreement with the Magistrate Judge's decision and to rehash old arguments. Notably, Plaintiff's objections primarily take issue with the *ALJ's* decision, not the Magistrate Judge's. See (Doc. No. 19). Indeed, Plaintiff has failed to cite any case law supporting his position that the Magistrate Judge erred[5] despite arguing that "established case law" supports his assertions. See (Doc. No. 19, p. 3). Plaintiff simply reiterated arguments made in prior filings and provided no particularized reasons how the Magistrate Judge erred as a matter of law. Accordingly, the Court reviews for clear error.

Upon review of the record for clear error, this Court finds no clear error in the Magistrate Judge's decision to allow the ALJ's determinations of Dr. Caserio's opinion to stand. Accordingly, the Court OVERRULES Plaintiff's objections to the M & R.

---

[4] Plaintiff argues that Dr. Caserio's suggestion was supported by the fact Plaintiff's medical record consistently showed an unsteady gate and indications of difficulty with activities of daily living ambulation, bearing weight, and falls within the last year.

[5] Plaintiff relies on Jeffries v. Rice, No. 86-7602, 1987 WL 36104, at *1 (4th Cir. June 5, 1987), to support his contention that the Magistrate Judge failed to address a substantial issue in his M&R. (Doc. No. 19, p. 2). However, Jeffries misses the mark; it is an unpublished opinion and addresses the issue of a M&R for a habeas petition under 28 U.S.C. § 2254. Jeffries, 1987 WL 36104, at *1.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's objections to the M & R are OVERRULED, and the Court hereby ADOPTS the findings of fact and conclusions of law set forth in the Magistrate Judge's M & R. (Doc. No. 18). Accordingly, Plaintiff's Motion for Summary Judgment is DENIED (Doc. No. 14); and Defendant's Motion for Summary Judgment is GRANTED (Doc. No. 15).

IT IS SO ORDERED.

Signed: February 8, 2021

Frank D. Whitney
United States District Judge